IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRAHAM PACKAGING | : | |
| COMPANY, L.P., | : | |
| Plaintiff | : | No. 1:15-cv-01186 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| TRANSPLACE TEXAS, L.P., | : | |
| Defendant | : | |

**MEMORANDUM**

Before this Court is Defendant Transplace Texas, L.P.'s motion for reconsideration. (Doc. No. 33.)  Defendant moves the Court to reconsider its December 7, 2015 order denying Defendant's motion to partially dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 32.)  For the reasons set forth below, Plaintiff's motion for reconsideration will be denied.

I.      BACKGROUND

This case arises from a dispute between Plaintiff Graham Packaging Company, L.P., a plastic container manufacturer, and Defendant Transplace Texas, L.P., a transportation logistics provider.  (Doc. No. 1.)  In late 2012 and early 2013, as Plaintiff sought bids for transportation services, Defendant allegedly represented that Plaintiff would save on transportation costs if Plaintiff contracted with Defendant.  (See id. ¶¶ 5, 51.)  The parties signed a letter of intent on March 5, 2013 and entered into an agreement on May 30, 2013.  (Id. ¶¶ 6, 10.)

Under the parties' agreement, Defendant would, inter alia, contact motor carriers and be responsible for the rates, payment, and "setting the service standards" with its motor carriers. (Doc. 1-1 at 28; see Doc. No. 1 ¶ 11.)  The agreement also allegedly included a "savings commitment," guaranteeing Plaintiff $1,500,000 in transportation savings for the twelve months

1

following July 1, 2013.  (Doc. No. 1 ¶¶ 15, 21-22.)  Plaintiff alleges that its transportation costs increased by approximately $2,200,000 during the twelve-month period.  (Id. ¶ 24.)

On June 17, 2015, Plaintiff filed a complaint against Defendant for breach of contract (Counts I and II), intentional misrepresentation (Count III), and negligent misrepresentation (Count IV).  (Id.)  Plaintiff seeks to recover $1,500,000 in savings not realized under the contract and the approximately $2,200,000 in costs incurred under the contract.  (Id. ¶¶ 36, 40, 48-49, 59.)  On August 10, 2015, Defendant sought to dismiss Plaintiff's claims for intentional misrepresentation and negligent misrepresentation pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 14 ¶ 4.)  The Court denied Defendant's Rule 12(b)(6) motion on December 7, 2015.  (Doc. Nos. 31, 32.)  On December 8, 2015, Plaintiff filed the pending motion for reconsideration.  (Doc. No. 33.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if the judgment or order is "based on an earlier judgment that has been reversed or vacated," applying the order "prospectively is no longer equitable," or for "any other reason that justifies relief."[1]  Fed. R. Civ. P. 60(b)(5), (6).  "A Rule 60(b) motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Weiming Chen v. Ying-Jeou Ma, 595 F. App'x 79, 80 (2d Cir. 2015) (internal quotations omitted); see Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it."  Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1346 (3d Cir. 1987)

---

[1] Defendant's motion for reconsideration did not "seek relief under a specific Federal Rule of Civil Procedure."  Cliett v. City Of Ocean City, 346 F. App'x 771, 773 (3d Cir. 2009); (see Doc. No. 33).  This Court construes Defendant's motion as a Rule 60(b) motion because "Rule 60 is the applicable rule for reconsideration of an order prior to judgment."  Fry v. Waste Mgmt., Inc., No. 94-6865, 1995 WL 481478, at *2 (E.D. Pa. Aug. 11, 1995).

(internal quotations omitted). Therefore, the "grant or denial of a Rule 60(b)(6) motion is an equitable matter left, in the first instance, to the discretion of a district court." Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014).

**III.  DISCUSSION**

In its motion for reconsideration, Defendant contends that – on December 7, 2015 – Defendant prepared a supplemental brief to address the United States Court of Appeals for the Third Circuit's Dommel Properties LLC decision. (Doc. No. 33 ¶¶ 2, 4) (citing Dommel Properties LLC v. Jonestown Bank & Trust Co., No. 14-3564, 2015 WL 5438847, at *2 (3d Cir. Sept. 16, 2015)). The Third Circuit issued the Dommel Properties LLC opinion on September 16, 2015, Plaintiff filed a supplemental brief addressing the decision on December 3, 2015, (Doc. No. 30), and this Court denied Defendant's Rule 12(b)(6) motion on December 7, 2015 (Doc. Nos. 31, 32). Defendant requests that this Court consider Defendant's supplemental brief, (Doc. No. 33 ¶ 5), and reconsider its December 7, 2015 order. (Doc. No. 33.) Defendant attached the supplemental brief addressing Dommel Properties LLC to the present motion. (Doc. Nos. 33 ¶¶ 2, 4-6; 33-1.)

The Court will consider the supplemental brief, (Doc. No. 33-1), and will deny the motion for reconsideration because Defendant's supplemental brief restates arguments it previously raised (Doc. No. 33). In essence, Defendant contends that the gist of the action doctrine precludes Plaintiff's intentional and negligent misrepresentation claims because the parties "incorporated th[e] alleged representation into the contract itself." (Doc. No. 33-1 at 4.) This Court previously addressed at length and rejected this argument in its December 7, 2015 memorandum. (See Doc. Nos. 22 at 7-15; 33 at 4-5; 31 at 6 n.2.) Defendant provides no indication in the supplemental brief that an intervening change in the jurisprudence has

occurred.[2]  Harrison, 587 F. App'x at 740.  The supplemental brief, in fact, urges the Court to review Defendant's discussion of case law that it submitted in a September 18, 2015 reply brief.  (Doc. No. 33-1 at 5.)  Therefore, because this Court previously addressed and rejected the arguments put forward in Defendant's supplemental brief, (Doc. No. 28 at 4-6), the Court will deny Defendant's motion for reconsideration.

IV. **CONCLUSION**

For the reasons stated above, Defendant's motion for reconsideration, (Doc. No. 33), will be denied.  An order consistent with this memorandum follows.

---

[2] Upon review of the case law since December 7, 2015, the Court finds no clear error or intervening change in the law.  In fact, on February 10, 2016, the Third Circuit explicitly declined to address the "different conclusions about whether the gist of the action doctrine applies to fraudulent inducement claims."  Downs v. Andrews, No. 15-1216, 2016 WL 519162, at *3 & n.1 (3d Cir. Feb. 10, 2016) (internal citations omitted); see KBZ Commc'ns Inc. v. CBE Techs. LLC, No. 14-3526, 2015 WL 8125217, at *3 (3d Cir. Dec. 8, 2015).